[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
The defendant, who is charged with driving under the influence, has moved to suppress evidence gathered as the result of a traffic stop on the ground that the officer who made the stop did so without a reasonable and articulable suspicion of wrongdoing by the defendant. A hearing was conducted on this motion at which no testimony was offered and the only exhibit introduced was a copy of the reports of Trooper Cournoyer, the arresting officer (the "police report.")
DISCUSSION
Burden of Producing Evidence
From his arrest, it is found that the defendant is aggrieved. From the contents of the police report, it is found that the defendant had a reasonable expectation of privacy while operating his vehicle, and that his stop by Trooper Cournoyer was an intrusion cognizable under the Fourth Amendment to the United States Constitution and Article 1, Section 7 of the Connecticut Constitution. As a result, it is the state's burden to establish that Trooper Cournoyer had a reasonable and articulable suspicion of wrongdoing by the defendant to justify the stop. State v.Keeby, 159 Conn. 201, 206 (1970); State v. Schonagel, 189 Conn. 752,758 (1983).
Reasonable and Articulable Suspicion
From the police report, the following facts are found: CT Page 5886
 On January 15, 1995, shortly after midnight, a motorist phoned the State Police to say he was following a motor vehicle (the "vehicle"), with Connecticut registration 104-GEO, which was being operated southbound on I-395, near Exit 94, from lane to lane in an erratic manner;
 The State Police determined from records maintained by the state that Connecticut registration 104-GEO was assigned to a Pontiac Grand Prix;
 The State Police dispatcher advised Trooper Cournoyer to look for a Pontiac Grand Prix, Connecticut registration 104-GEO, being driven southbound on I-395 in an erratic manner by a driver who may have been intoxicated;
 Trooper Cournoyer and a fellow officer came upon a Pontiac Grand Prix with Connecticut registration 104-GEO travelling southbound on I-395, near Exit 92, and stopped that vehicle at Exit 92;
 Trooper Cournoyer approached the vehicle and smelled a strong odor of alcohol coming from the car, observed the defendant, who was operating the vehicle, to have glassy, bloodshot eyes and found the defendant to be hesitant in answering a question;
 The defendant advised Trooper Cournoyer that he had consumed two beers between 7:00 P.M. and 10:00 P.M. on January 14, 1995;
 At Trooper Cournoyer's request the defendant tried and failed to perform field sobriety tests, after which the defendant was arrested.
To sustain its burden, the state must establish two facts: 1) Trooper Cournoyer had a specific and articulable suspicion that the defendant was committing a crime; and, 2) Trooper Cournoyer's suspicion was reasonable.
As to a specific and articulable suspicion, Trooper Cournoyer had received information that a Pontiac Grand Prix with Connecticut registration 104-GEO was being operated in an erratic manner southbound on I-395, near Exit 94, and a short time later he observed a vehicle matching that description travelling CT Page 5887 southbound on I-395, near Exit 92. The question is whether from the description of the vehicle and from the report of its erratic southbound operation a short time earlier at a point two exits north, Trooper Cournoyer could have formed a specific and articulable suspicion that the operator of the vehicle was intoxicated. Erratic driving being a symptom of intoxication, and the vehicle observed near Exit 92 matching the description and direction of operation of the vehicle described as having been operated erratically a short time earlier near Exit 94, it is held that Trooper Cournoyer had a proper basis for forming a specific and articulable suspicion that the defendant was driving under the influence.
As to whether Trooper Cournoyer's suspicion was reasonable, it is held that the operation of a vehicle from lane to lane in an erratic manner can reasonably create a suspicion that the operator is intoxicated.
CONCLUSION
The defendant's motion to suppress is denied.
Levine, J.